NO. 13-2881
(Consolidated With Case Nos. 13-3353 and 13-3495)

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| IN RE:<br>    ARCHDIOCESE OF MILWAUKEE,<br>        Debtor.<br><br>OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS,<br>        Appellant,<br><br>Nos. 13-2881 and 13-3495          v.<br><br>JEROME E. LISTECKI, Archbishop, Trustee of the<br>Archdiocese of Milwaukee Catholic Cemetery Perpetual<br>Care Trust,<br>        Appellee. | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | Appeals from the United States<br>District Court for the Eastern<br>District of Wisconsin.<br><br>No. 2:13-cv-00179-RTR<br><br>Rudolph T. Randa, Judge. |
| IN RE:<br>    ARCHDIOCESE OF MILWAUKEE,<br>        Debtor.<br><br>OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS,<br>        Petitioner,<br><br>RUDOLPH T. RANDA,<br>        Respondent,<br><br>No. 13-3353          v.<br><br>JEROME E. LISTECKI, Archbishop, Trustee of the<br>Archdiocese of Milwaukee Catholic Cemetery Perpetual<br>Care Trust,<br>        Party-In-Interest,<br><br>            And<br><br>ARCHDIOCESE OF MILWAUKEE,<br>        Party-In-Interest. | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | Appeals from the United States<br>District Court for the Eastern<br>District of Wisconsin<br><br>No. 2:13-cv-00179-RTR<br><br>Rudolph T. Randa, Judge. |

Marci A. Hamilton, Esq.
36 Timber Knoll Drive
Washington Crossing, PA  18977
Telephone:  (215) 353-8984
E-mail:    Hamilton.marci@gmail.com

## APPELLANT'S CONSOLIDATED DOCKETING STATEMENT

In accordance with Circuit Rules 3(c)(1) and 28(a) of the United States Court of Appeals for the Seventh Circuit and Federal Rule of Appellate Procedure 28(a)(4), appellant Official Committee of Unsecured Creditors (the "Committee") submits this Consolidated Docketing Statement.

1.       On August 26, 2013, the Committee filed its original Notice of Appeal, which appealed from the final judgment of the United States District Court for the Eastern District of Wisconsin (the "District Court") entered on August 1, 2013 in Case No 13-CV-00179 [Dist. Doc. No. 26] (the "Judgment"). The original Notice of Appeal included an appeal from the Judgment, the Decision and Order [Dist. Doc. No. 24] (the "Decision and Order") entered on July 29, 2013, and the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law Pursuant to Remand [Dist. Doc. No. 25] (the "Proposed Findings") entered on the District Court docket on August 1, 2013. [Notice of Appeal, Dist. Doc. No. 36]. That appeal was docketed by this Court as Case No. 13-2881. The Committee filed its Docketing Statement in Case No. 13-2881 on September 3, 2013 [Docket No. 4 (Case No. 13-2881)] (the "Original Docketing Statement"). A copy of the Original Docketing Statement is attached as **Exhibit A**.

2.       Prior to filing its Notice of Appeal, on August 12, 2013, the Committee filed its Motion to Vacate Judgment and Decision and Order Pursuant to Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 455 (the "Motion to Vacate") [Docket Nos. 27, 28, 29 (Case No. 13-CV-179)]. The Motion to Vacate sought to vacate the Decision and Order and the Judgment that are

the subject of the appeal in Case No. 13-2881 on the grounds that the presiding judge, the

Honorable Rudolph T. Randa, should have recused himself pursuant to 28 U.S.C. §§ 455 (a) and

455(b)(4). On August 12, 2013, the Committee also filed its Motion to Recuse the Honorable

Randolph T. Randa from the Cemetery Trust Litigation and any Cemetery Related Proceedings

(the "Motion to Recuse") [Docket Nos. 30, 31, 32 (Case No. 13-CV-179)]. On October 1, 2013,

the District Court entered one order denying both the Motion to Vacate and the Motion to Recuse

(the "Order Denying Motions to Vacate and Recuse") [Docket No. 46 (Case No. 13-CV-179)].

3.     Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), on October 29,

2013, the Committee amended its original Notice of Appeal in Case No 13-2881 to include an

appeal from the Order Denying Motions to Vacate and Recuse in addition to its appeal from the

Judgment, the Decision and Order, the Proposed Findings. [Dist. Doc. No. 47 (Case No. 13-CV-

179)] (the "Amended Notice of Appeal").

4.     After filing the Amended Notice of Appeal on October 29, 2013, the District

Court's clerk's office informed counsel that because counsel had coded the Amended Notice of

Appeal in the electronic filing system as an "amended document" instead of as a "notice of

appeal," it had not been docketed as an appeal. Accordingly, the clerk's office asked counsel to

refile the Amended Notice of Appeal, which it did on November 6, 2013. The Amended Notice

of Appeal was docketed as a separate appeal by this Court as Case No. 13-3495. After filing the

Amended Notice of Appeal, the Committee filed a supplement to its Original Docketing

Statement. [Doc. No. 27 (Case No. 13-2881)] (the "Supplemental Docketing Statement"). A

copy of the Supplemental Docketing Statement is attached as **Exhibit B**.

3

5.      On October 23, 2013, the Committee filed a Petition for Writ of Mandamus Directing the Honorable Rudolph T. Randa to Recuse Himself Pursuant to 28 U.S.C. § 455 with the United States Court of Appeals for the Seventh Circuit. The mandamus proceeding was docketed by this Court as Case No. 13-3353. [Docket No. 1 (Case No. 13-3353)].

6.  On November 1, 2013, this Court entered an order consolidating Case Numbers 13-2881 and 13-3353 for the purpose of briefing and disposition [Docket No. 26 (Case No. 13-2881)]. On November 14, 2013, this Court entered an order consolidating all three cases (Case Numbers 13-2881, 13-3353 and 13-3495) for the purpose of briefing and disposition [Docket No. 28 (Case No. 13-2881)] (the "Consolidated Appeals").

7.      As was noted above, the Original Docketing Statement and the Supplemental Docketing Statement were previously filed in Case No. 13-2881. To the extent that a Docketing Statement needs to be filed in each additional case (Case Nos. 13-3353 and 13-3495), the Committee submits the attached Original Docketing Statement (**Exhibit A**) and the Supplemental Docketing Statement (**Exhibit B**) to serve as its Docketing Statement in each of these Consolidated Appeals.

Respectfully submitted,

Dated: November 18, 2013                    By      */s/ Marci A. Hamilton, Esq.*
                                                    Marci A. Hamilton, Esq.
                                                    36 Timber Knoll Drive
                                                    Washington Crossing, PA  18977
                                                    Telephone: (215) 353-8984
                                                    Email: Hamilton.marci@gmail.com

                                                    Special Counsel to the Official Committee
                                                    of Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP

By     _/s/ James Stang_
          James I. Stang (CA Bar No. 94435)
          Kenneth H. Brown (CA Bar No. 100396)
          Gillian N. Brown (CA Bar No. 205132)
          Erin Gray (CA Bar No. 157658)
          Pachulski Stang Ziehl & Jones LLP
          10100 Santa Monica Blvd., 13th Floor
          Los Angeles, CA  90067
          Telephone:  (310) 277-6910
          Facsimile:   (310) 201-0760
          E-mail:   jstang@pszjlaw.com
                        kbrown@pszjlaw.com
                        gbrown@pszjlaw.com
                        egray@pszjlaw.com

          -and-

          Albert Solochek (State Bar No. 1011075)
          Howard, Solochek & Weber, S.C.
          324 E. Wisconsin Ave., Suite 1100
          Milwaukee, WI  53202
          Telephone:  (414) 272-0760
          Facsimile:  (414) 272-7265
          E-mail:   asolochek@hswmke.com

          Attorneys for the Official Committee of
          Unsecured Creditors

DOCS_LA:273231.3  05058-003

# EXHIBIT A

NO. _13-2881

_____

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

_____

Official Committee of Unsecured Creditors,
Plaintiff-Appellant


v.


Archbishop Jerome E. Listecki, as Trustee of the Archdiocese of Milwaukee Catholic Cemetery
Perpetual Care Trust,
Defendant-Appellee.


_____

Appeal from the United States District Court
For the Eastern District of Wisconsin

Case No. 13-CV-179
The Honorable Rudolph T. Randa

_____

**APPELLANT'S DOCKETING STATEMENT**

_____

Marci A. Hamilton, Esq.
36 Timber Knoll Drive
Washington Crossing, PA  18977
Telephone:   (215) 353-8984
E-mail:        Hamilton.marci@gmail.com

In accordance with Circuit Rules 3(c)(1) and 28(a) of the United States Court of Appeals for the

Seventh Circuit and Federal Rule of Appellate Procedure 28(a)(4), appellant Official Committee of Unsecured

Creditors (the "Committee") submits this docketing statement in connection with its appeal from the final judgment

of the United States District Court for the Eastern District of Wisconsin (the "District Court") dismissing the

adversary proceeding captioned *Archbishop Jerome E. Listecki, as Trustee of the Archdiocese of Milwaukee*

*Catholic Cemetery Perpetual Care Trust vs. Official Committee of Unsecured Creditor* (Adv. Proc. No. 11-02459-

SVK) (the "Adversary Proceeding") on August 1, 2013.[1] In support of the Docketing Statement, the Committee

respectfully represents as follows:

### Brief Description of the Nature of the Case

**A.    The Bankruptcy Case (11-200059-SVK)**

1.    On January 4, 2011 (the "Petition Date"), the Archdiocese of Milwaukee (the "Debtor")

filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §101 et seq. (the

"Bankruptcy Code").  The Debtor's bankruptcy case was assigned to the Honorable Susan V. Kelley, United States

Bankruptcy Judge for the Eastern District of Wisconsin (Case No. 11-20059-SVK) (the "Bankruptcy Court").

2.    On or about January 24, 2011, the United States Trustee appointed the Committee to

represent the Debtor's unsecured creditors pursuant to 11 U.S.C. § 1102(a)(1).

**B.    The Adversary Proceeding**

**1.    Proceedings before the Bankruptcy Court (11-20459-SVK)**

3.    A dispute arose between the Committee, the Debtor and the Archdiocese of Milwaukee

Catholic Cemetery Perpetual Care Trust (the "Cemetery Trust") as to whether in excess of $55 million transferred

by the Debtor to the Cemetery Trust in 2008 (the "Transferred Funds") was a fraudulent conveyance which could be

---

[1] The Committee filed its Notice of Appeal with the clerk of the District Court on August 26, 2013.

DOCS_LA:270714.5 05058/003

recovered for the benefit of the Debtor's estate or was otherwise property of the Debtor's estate pursuant to

Bankruptcy Code section 541. If so, some or all of the Transferred Funds would be available to satisfy the claims of

the Debtor's creditors, including the claims of employees, vendors and sex abuse survivors.

    4.  On June 28, 2011, the Cemetery Trust filed a complaint against the Committee in which

it sought a declaration that neither the Cemetery Trust nor the Transferred Funds were property of the Debtor's

bankruptcy estate under 11 U.S.C. § 541. [Adv. Doc. No. 1].  The Cemetery Trust later amended its Complaint to

substitute Archbishop Jerome E. Listecki, as trustee of the Cemetery Trust (the "Trustee"), as the plaintiff. [Adv.

Doc. No. 34]. Pursuant to Counts I, II, IV and V of his Amended Complaint, the Trustee sought a declaration that

neither the Cemetery Trust nor its assets are property of the estate pursuant to Bankruptcy Code section 541.

Pursuant to Count III of his Amended Complaint, the Trustee further alleged that avoiding the $55 million transfer

pursuant to Wisconsin or federal fraudulent transfer laws or applying any provision of the Bankruptcy Code by

which some or all of the funds in the Cemetery Trust could be determined to be property of the Debtor's estate

would substantially burden the Cemetery Trust's free exercise of religion in violation of Religious Freedom

Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb-1(b), and the First Amendment to the United States Constitution.

[Adv. Doc. No. 34].

    5.  By stipulation and order of the Bankruptcy Court, the Committee has standing to defend

the allegations in the Adversary Proceeding and assert avoidance claims against the Cemetery Trust for the benefit

of the Debtor's estate.  [Adv. Doc. Nos. 11, 12, 37, 39].  Accordingly, the Committee defended the lawsuit on behalf

of the estate, and filed counterclaims in which the Committee contends, among other things, that the transfer of the

Transferred Funds to the Cemetery Trust is both actually and constructively fraudulent under the Bankruptcy Code

and Wisconsin law, that the Cemetery Trust is a voidable self-settled trust in which the Debtor is a beneficiary and

3

that the funds transferred into the Cemetery Trust are property of the Debtor's estate, and are, therefore, available (in

whole or in part) to satisfy the claims of the Debtor's creditors. [Adv. Doc. No. 50]. The Committee also asserted

numerous affirmative defenses that it contended defeated the Cemetery Trust's First Amendment and RFRA claims,

including: (i) Seventeenth Affirmative Defense (Federal bankruptcy laws are neutral, generally applicable laws,

which are valid under the Religion Clauses of the First Amendment.); (ii) Twentieth Affirmative Defense (The

application of RFRA to state law is unconstitutional.), and (iii) Twenty-Second Affirmative Defense (The

Committee is a private entity, and the First Amendment and RFRA are not applicable when the government is not a

party to the suit.) The Committee's prayer for relief included, among other things, avoidance of the transfer of the

Transferred Funds to the Cemetery Trust, an order requiring the Cemetery Trust to turnover its assets to the Debtor's

bankruptcy estate, and a declaration that the Cemetery Trust is void and unenforceable and it assets are property of

the Debtor's bankruptcy estate.

      6.      In May of 2012, the Committee filed a motion seeking partial summary judgment against

the Cemetery Trust on its First Amendment and RFRA claims (Count III of its Amended Complaint) and in favor of

the Committee on its Seventeenth, Twentieth and Twenty-Second Affirmative Defense (the "PMSJ") [Adv. Doc.

No. 57]. On July 9, 2012, the Trustee filed his response to the Committee's PMSJ (the "Response") [Adv. Doc. No.

69], as well as the Declaration of Archbishop Listecki [Adv. Doc. No. 69] (the "Listecki Declaration"). The

Committee's PMSJ raised purely legal questions and did not seek summary judgment on the factual issue of whether

permitting the Committee to recover the $55 million fraudulently transferred to the Cemetery Trust would impose a

substantial burden on the Cemetery Trust's free exercise of religion.

      7.      In his Response, however, the Trustee briefed this issue, submitted the Listecki

Declaration in support and asked the Bankruptcy Court to enter summary judgment in its favor on the entire case on

4

the theory that it had borne its burden of proof on "substantial burden" and, therefore, the court could reach the

merits of the RFRA and the First Amendment claims (the "Cross-MSJ").

   8. The Cemetery Trust bears the burden of proving whether the law imposes a "substantial

burden" on its conduct. Because of the intensely factual nature of the inquiry as to the substantial burden issue, it

requires discovery. Accordingly, prior to the deadline for the Committee to file its reply to the Response and any

factual or legal opposition to the Listecki Declaration, the parties agreed that the Cross-MSJ **would not** go forward

and would instead be briefed only after the Bankruptcy Court determined the purely legal issues regarding RFRA

and the First Amendment raised in the Committee's MSJ. [Adv. Doc. No. 105]. This agreement was then

memorialized in the Bankruptcy Court's Minute Order, which states:

> The Court confirmed that the Committee's Reply should be limited to the
> two issues that Attorney Brown described on the record. The parties will
> contact the Court to schedule a hearing on this Motion, to be held after
> December 3, 2012. A briefing schedule on the Plaintiff's cross-motion for
> summary judgment will be issued after a decision is issued on the
> Committee's summary judgment motion.

[Adv. Doc. No. 73]. Accordingly, the Committee's Reply did not address the substantial burden

issues or the factual matters raised in the Listecki Declaration. The Committee filed its reply on

November 21, 2012 (the "Reply"). [Adv. Doc. No. 75].

   9. Due to the jurisdictional concerns raised by *Stern v. Marshall*, 131 S.Ct. 2594, 2620, 180

L.Ed.2d 475 (2011), the parties agreed that the First Amendment and RFRA claims and defenses were noncore and

the Bankruptcy Court could hear them, but could not enter a final judgment on them. The *Stipulation to Amend*

*Pleadings and Consent to Issuance of Final Orders By Bankruptcy Court on Certain Claims and Defenses* [Adv.

Doc. No. 61] provides:

> The Parties acknowledge that Count III of Archbishop Listecki's First Amended
> Complaint alleging the RFRA and First Amendment Claims and the Committee's
> Affirmative Defenses to the Amended Complaint asserted by the Committee in
> paragraphs 16-25 at pages 22-26 of the Committee's First Amended Answer and

> Counterclaims ("RFRA and First Amendment Affirmative Defenses"), are non-core. The Parties and the Debtor do not consent to the Bankruptcy Court hearing and determining these claims and affirmative defenses. The Parties and the Debtor agree that the Bankruptcy Court may hear the RFRA and First Amendment Claims and the RFRA and First Amendment Affirmative Defenses and submit proposed findings of fact and conclusions of law to the district court in accordance with the provisions of 28 U.S.C. section 157(c)(1).

*Id*. at ¶ 2, at 4. This agreement was approved by the Bankruptcy Court. [Adv. Doc. No. 64].

10.    On January 17, 2013, the Bankruptcy Court granted the Committee's PMSJ on all theories (the "Order Granting Summary Judgment") [Adv. Doc. No. 79, 80]. In connection therewith, the Bankruptcy Court granted summary judgment against the Cemetery Trust on Count III of its Amended Complaint and in favor of the Committee on its Seventeenth, Twentieth and Twenty-Second Affirmative Defenses. Specifically, the Bankruptcy Court held: (1) The Committee of private creditors is not a "government" and is not acting under color of law as that term is used in RFRA or the First Amendment. Therefore, RFRA is not a defense to the Committee's claims or defenses in the Adversary Proceeding, including its argument that the Cemetery Trust funds are available for the estate because their transfer was a fraudulent conveyance. (2) RFRA does not apply because the ultimate law to be applied to determine if the Cemetery Trust's assets are to be included in the Debtor's estate is state law (*Butner v. United States*, 440 U.S. 48, 55 (1979)) and RFRA may not be used to invalidate or narrow state law under *Boerne v. Flores,* 521 U.S. 507 (1997) (holding application of RFRA to state law violates the Constitution's inherent limits of federalism); and (3) The Bankruptcy Code is a neutral and generally applicable statute that does not target religion or religious conduct, and therefore the First Amendment is no defense to any of the Committee's theories of recovery including that the movement of the funds into the Cemetery Trust was a fraudulent conveyance.

11.    Pursuant to *Stern v. Marshall* and the parties' agreement, the Bankruptcy Court should have submitted proposed findings of fact and conclusions of law to the District Court, and the District Court should

have entered a final judgment on the Committee's PMSJ. *See* 28 U.S.C. § 157(c)(1). Instead, however, the

Bankruptcy Court entered its own Order Granting Partial Summary Judgment.

**2.   Proceedings before the District Court (13-C-179).**

12.     On January 31, 2013, the Trustee filed his Motion to Leave to Appeal or to Withdraw the

Reference or, Alternatively, Trustee's Objections to Bankruptcy Court's Proposed Findings of Fact and Conclusions

of Law. [Adv. Doc. No. 82]. The District Court granted the motion and initially undertook review of the Bankruptcy

Court's Order Granting Summary Judgment as an appeal from an interlocutory order of the Bankruptcy Court

pursuant to 28 U.S.C.§ 1292(b). [Dist. Doc. No. 2].

13.     Without conducting oral argument, on July 29, 2013, the District Court issued its

Decision and Order reversing the Bankruptcy Court (the "Decision and Order") [Dist. Doc. No. 24].  In the Decision

and Order, the District Court concluded that the First Amendment and RFRA were complete defenses to the

Committee's theories of recovery (including its argument that the Transferred Funds were fraudulently transferred

into the Cemetery Trust), and therefore, the Cemetery Trust and its assets are immune from inclusion in the Debtor's

bankruptcy estate. Notably, the District Court reached out to decide the substantial burden issue based on the

Trustee's unchallenged statements and without any discovery on the issue below, and in spite of the fact that the

issue was not before the Bankruptcy Court pursuant to the agreement of the parties and the order of the Bankruptcy

Court.

14.     In its Decision and Order, the District Court concluded it had both original and appellate

jurisdiction over the Order Granting Partial Summary Judgment. First, it held that it properly had jurisdiction over

the matter as an appeal of an interlocutory order of the Bankruptcy Court pursuant to 28 U.S.C. § 1292(b).[2] Decision

---

[2] Section 1292(b) provides, "When a district judge, in making in a civil action an order not otherwise
appealable under this section, shall be of the opinion that such order involves a controlling question of
law as to which there is substantial ground for difference of opinion and that an immediate appeal from

and Order, at 6. With respect to original jurisdiction, the District Court stated that the Bankruptcy Court should have

submitted proposed findings and conclusions to it and concluded that "the Court could simply treat the bankruptcy

court's order as such and review it accordingly" under 28 U.S.C. § 157(c)(1).[3] The District Court also withdrew the

reference from the Bankruptcy Court pursuant to 28 U.S.C. 157(d).[4] To that end, the District Court stated, "To the

extent that the interlocutory nature of the bankruptcy court's order calls into question the Court's plenary authority

to resolve the Trustee's RFRA and First Amendment claims, the reference is withdrawn from the bankruptcy court

for this limited purpose." Decision and Order, at 10.

        15.      In its brief before the District Court, the Committee argued that the Trustee had not met

the standards required for appeal of an interlocutory order under section 1292(b). This issue has been rendered

moot, however, because the District Court withdrew the reference and exercised original jurisdiction over the Order

Granting Summary Judgment pursuant to 28 U.S.C. § 157(d).

        16.      On August 1, 2013, the Bankruptcy Court entered its Proposed Findings of Fact and

Conclusions of Law Pursuant to Remand (the "Proposed Findings") [Adv. Doc. No. 109], in which the Bankruptcy

Court concluded:

> After rejecting this Court's analysis that RFRA does not apply to a creditor's committee
> exercising a debtor in possession's standing to include property in a bankruptcy estate,
> the District Court concluded that RFRA and the First Amendment prevent the Committee
> from seeking to avoid, recover or include in the bankruptcy estate any portion of the
> Debtor's transfer of funds to the Cemetery Trust. In its decision, the District Court

---

the order may materially advance the ultimate termination of the litigation, he shall so state in writing in
such order." 28 U.S.C. § 1292(b).
[3] Section 157(c)(1) provides, "A bankruptcy judge may hear a proceeding that is not a core proceeding
but that is otherwise related to a case under title 11. In such a proceeding, the bankruptcy judge shall
submit proposed findings of fact and conclusions of law to the district court and any final order or
judgment shall be entered by the district court after considering the bankruptcy judge's proposed findings
and conclusions and after reviewing de novo those matters to which any party has timely and specifically
objected." 28 U.S.C. § 157(c)(1).
[4] Section 157(d) provides, "The district court may withdraw, in whole or in part, any case or proceeding
referred under this section, on its motion or on timely motion of any party for cause shown." 28 U.S.C. §
157(d).

expressly denied the Committee's argument that even if RFRA applies, a further factual determination of the substantial burden issue is necessary. (This argument claims that discovery might show that not all of the $55 million in the Cemetery Trust is needed to maintain the cemeteries.) <u>Given this posture, there are no further issues to be determined on remand, and all that remains to be done is entry of a final order concluding this adversary proceeding.</u>

However, the authority of the Bankruptcy Court to issue such a final order is unclear. Therefore, in order to facilitate the entry of a final appealable order, and consistent with the parties' stipulation and the District Court's instructions, this Court issues these proposed findings and conclusions of law for consideration by the District Court. For the reasons stated in the District Court's July 29, 2013 Decision, the Committee's motion for summary judgment is denied and the Archbishop's motion for summary judgment is granted. This Court respectfully recommends that the District Court issue a final order to this effect without delay.

Proposed Findings, at 2-3 (emphasis added).

17.     On that same day, August 1, 2013, the District Court entered judgment: (a) denying

partial summary judgment to the Committee, (b) granting summary judgment to the Cemetery Trust, and (c)

dismissing the Cemetery Trust Litigation in its entirety [Dist. Doc. No. 26] (the "<u>Judgment of Dismissal</u>").

Specifically, the District Court held, "It is ordered and adjudged that the Official Committee of Unsecured Creditors

cannot use the Bankruptcy Code to make the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust

property of the bankruptcy estate because doing so would violate the Religious Freedom Restoration Act of 1993

(42 U.S.C. §§ 2000bb et seq.) ("RFRA") and the First Amendment to the United States Constitution."

18.     On August 26, 2013, the Committee filed its Notice of Appeal.

**<u>Jurisdiction of the District Court</u>**

19.     The district courts have original and exclusive jurisdiction of all cases under title 11. 28

U.S.C. §1334(a). Each district court may, however, provide that any and all cases under title 11 and any and all

proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy

judges for the district. 28 U.S.C. §157(a). In the Eastern District of Wisconsin, such cases are referred to the

bankruptcy judges for the district pursuant to General Order 84-1 dated July 10, 1984, which provides:

> **Order of Reference**. In accordance with the 'Bankruptcy Amendments and Federal
> Judgeship Act of 1984' which became effective on July 10, 1984, IT IS ORDERED that
> any or all cases under title 11 and any or all proceedings arising under title 11 or arising
> in or related to a case under title 11 shall be referred to the bankruptcy judges of this
> District.

Accordingly, the Bankruptcy Court had jurisdiction over the Debtor's chapter 11 case and certain aspects of the

Adversary Proceeding pursuant to the Order of Reference and 28 U.S.C. § 157(b)(1), which provides:

> Bankruptcy judges may hear and determine all cases under title 11 and all core
> proceedings arising under title 11, or arising in a case under title 11, referred under
> subsection (a) of this section, and may enter appropriate orders and judgments, subject to
> review under section 158 of this title.

28 U.S.C. § 157(b)(1).

20.     As was indicated above, however, the parties agreed that the RFRA and First

Amendment claims and defenses were noncore. Therefore, while the Bankruptcy Court was authorized to hear the

case, it did not have the authority to enter a final judgment in the matter. Instead, the Bankruptcy Court should have

submitted proposed findings of fact and conclusions of law to the District Court for that court's review and issuance

of a final judgment pursuant to 28 U.S.C. § 157(c)(1). While the Bankruptcy Court did not do so (instead it entered

its own Order Granting Partial Summary Judgment), the District Court's review of that order was an exercise of its

original jurisdiction pursuant to 28 U.S.C. § 157(c)(1), not its appellate jurisdiction. Furthermore, although it was

not required to do so, the District Court withdrew the reference to determine the RFRA and First Amendment claims

and defenses pursuant to 28 U.S.C. § 157(d).

21.     Whether the District Court withdrew the reference pursuant to 28 U.S.C. § 157(d) or

reviewed the Order Granting Partial Summary Judgment under 11 U..S.C. 157(c)(1), it was exercising its original

jurisdiction. *See* Committee Notes to Fed. R. App. P. 6(a) ("A district court exercises original jurisdiction and this

subdivision applies when the district court enters a final order or judgment upon consideration of a bankruptcy

judge's proposed findings of fact and conclusions of law in a non-core proceeding pursuant to 28 U.S.C. § 157(c)(1)

or when a district court withdraws a proceeding pursuant to 28 U.S.C. § 157(d).").[5]


### Jurisdiction of the Court of Appeals

22.    This is an appeal from a final order of the District Court entered in 13-CV-179.

Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1291, which provides, "The courts of appeal (other

than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final

decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme

Court." 28 U.S.C. § 1291.

23.    The Decision and Order and Judgment of Dismissal ended the Adversary Proceeding on

the merits. Accordingly, the order is final for the purpose of section 1291. The District Court's Judgment of

Dismissal conclusively grants to the Trustee the relief requested in his Amended Complaint ( a declaration that

neither the Cemetery Trust nor its assets are property of the Debtor's bankruptcy estate) and denies to the

Committee the relief requested in its defenses and counterclaims. Recall that in granting summary judgment to the

Trustee and dismissing the Adversary Proceeding, the District Court concluded:

> It is ordered and adjudged that the Official Committee of Unsecured Creditors cannot use
> the Bankruptcy Code to make the Archdiocese of Milwaukee Catholic Cemetery
> Perpetual Care Trust property of the bankruptcy estate because doing so would violate
> the Religious Freedom Restoration Act of 1993 (42 U.S.C. §§ 2000bb et seq.) ("RFRA")
> and the First Amendment to the United States Constitution.

Judgment of Dismissal, at 1.  While the District Court did not explicitly dismiss the action with prejudice, given the

blanket prohibition against using any provision of the Bankruptcy Code to recover the Transferred Funds for the

---

[5] As was noted above, the District Court also concluded that it had appellate jurisdiction under 28 U.S.C.
§ 1292(b), which the Committee disputed below. This issue is moot because the District Court withdrew
the reference and clearly has jurisdiction under 28 U.S.C. § 157(d) and/or § 157(c)(1).

benefit of the Debtor's estate, the Committee cannot revive the Adversary Proceeding by amending its answer or its

counterclaims. Accordingly, the Judgment of Dismissal is a final, appealable order.

### Jurisdictional Issues and Post-Judgment Proceedings

24.      Shortly after the District Court entered its Judgment of Dismissal, the Committee

discovered that Judge Rudolph T. Randa, the judge who presided over the Adversary Proceeding, had at least nine

relatives (including his mother, his father, his wife's parents, his two sisters, a brother-in-law, an aunt and an uncle)

buried in cemeteries owned and operated by the Debtor, the very cemeteries that are to be maintained with the funds

moved from the Debtor's accounts to the Cemetery Trust before filing for bankruptcy. The Committee asked the

Debtor to produce relevant discovery on Judge Randa's financial interests in the relevant cemeteries, which the

Debtor refused to do. Upon the Committee's motion, the Bankruptcy Court ordered the Debtor to produce relevant

discovery, which included evidence that Judge Randa himself purchased his parent's burial rights in a cemetery

owned by the Debtor. He is, therefore, a party to a contract wherein the Cemetery Trust is the exclusive provider of

care and maintenance for his parents' burial crypts, with an interest in how the funds are used. In addition, the fact

that so many of his close family members are buried in the Debtor's cemeteries is evidence that he has emotional

and moral interests in how these cemeteries are maintained in the future and, therefore, whether they are fully

funded.

25.      For these reasons, the Committee contends that Judge Randa should have disqualified

himself from presiding over any aspect of this Adversary Proceeding pursuant to 28 U.S.C. § 455.[6] Yet, he did not

---

[6] Section 455 provides, in pertinent part, "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: . . . (4) (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding . . . ." 28 U.S.C. § 455.

do so. Nor did he disclose the facts to the parties at any time during the case. Accordingly, on August 12, 2013, the

Committee filed its Motion to Recuse Judge Randa from the Cemetery Trust Litigation or any Cemetery Related

Proceedings (the "Motion to Recuse") [Dist. Doc. Nos. 30, 31, 32] and its Motion to Vacate Judgment and Decision

and Order Pursuant to Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 455 (the "Motion to Vacate") [Dist.

Doc. Nos.27, 28, 29]. As of the filing of this Docketing Statement, the District Court had yet to rule on either

motion, and the briefing period is not yet closed. The Cemetery Trust filed its opposition on September 3, 2013, and

the Committee will file a reply by the deadline of September 17, 2013.

      26.     As was indicated above, the District Court found alternative grounds for exercising

jurisdiction over the Adversary Proceeding, both appellate and original. The Committee asserts that the District

Court was exercising original jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(c)(1), or 28 U.S.C. §

157(d). If the District Court was exercising its original jurisdiction, then Federal Rule of Appellate Procedure 6(a)

applies to this appeal and the Motion to Vacate tolled the appeals period.[7] If the District Court was exercising

appellate jurisdiction, however, Federal Rule of Civil Procedure 6(b) applies and there is no provision for tolling

based on filing a Motion to Vacate.[8]

---

[7] Federal Rule of Appellate Procedure 6(a) provides, "Appeal From a Judgment, Order or Decree of a
District Court Exercising Original Jurisdiction in a Bankruptcy Case. An appeal to a court of appeals from
a final judgment, order or decree of a district court exercising jurisdiction under 28 U.S.C. § 1334 is taken
as any other civil appeal under these rules." Pursuant to Rule 4(a)(4)(A), "If a party timely files in the
district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an
appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (vi)
for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." Fed. R.
App. Pro. 4(a)(4)(A)(vi). The Committee filed its Motion to Vacate (under Federal Rule of Civil
Procedure 60) on August 12, 2013, which was 14 days after the entry of the Decision and Order.
Therefore, assuming that the District Court was exercising original jurisdiction, the appeals period has
been tolled until thirty days after the District Court rules on the Motion to Vacate.

[8] Federal Rule of Appellate Procedure 6(b) provides, "Appeal From a Judgment, Order or Decree of a
District Court or Bankruptcy Appellate Panel Exercising Appellate Jurisdiction in a Bankruptcy Case.
These rules apply to an appeal to a court of appeals under 28 U.S.C. § 158(d) from a final judgment, order
or decree of a district court or bankruptcy appellate panel exercising appellate jurisdiction under 28
U.S.C. § 158(a) or (b). But there are three exceptions . . .(A) Rules 4(a)(4), 4(b), 9, 10, 11, 12(b), 13-20,

13

27.     Given the District Court's equivocation as to whether it was exercising original or

appellate jurisdiction, the Committee decided, out of an abundance of caution, to file its Notice of Appeal prior to

the District Court's disposition of the Motion to Vacate, and it did so on August 26, 2013, twenty-eight days after

the entry of the Decision and Order and twenty-five days after the entry of the Judgment of Dismissal. Accordingly,

this appeal is timely. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal required by Rule 3

must be filed with the district clerk within 30 days after the entry of the judgment or order appealed from.").

Accordingly, the Committee is filing this Docketing Statement with the understanding that the decision being

appealed may be vacated.

## Prior or Related Appellate Proceedings

28.     There are no prior or related appellate proceedings in this Adversary Proceeding.

## Parties in Official Capacity

29.     None of the parties to the appeal appears in an official capacity.

## Counsel of Record

30.     Counsel of record for the Committee is Marci A. Hamilton, whose mailing address is 36

Timber Knoll Drive, Washington Crossing, PA  18977; (telephone) (215) 353-8984; (email)

Hamilton.marci@gmail.com.

31.     The names and addresses of the other attorneys representing the Committee are: (A)

**Pachulski Stang Ziehl & Jones LLP** (James I. Stang, Kenneth H. Brown, Gillian N. Brown and Erin Gray), whose

mailing address is:  10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067; (telephone) (310) 277-6910;

(facsimile): (310) 201-0760; (email): jstang@pszjlaw.com, kbrown@pszjlaw.com, gbrown@pszjlaw.com, and

---

22-23 and 25(b) do not apply."  Fed. R. App. P. 6(b)(1)(A). One of the excluded rules is Rule 4(a)(4),
which provides for tolling in the event that one of the parties files a motion under Federal Rule of Civil
Procedure 60(b).

14

egray@pszjlaw.com; and (B) **Howard, Solochek & Weber, S.C.** (Albert Solochek and Jason R. Pilmaier), whose

mailing address is: 324 E. Wisconsin Ave., Suite 1100, Milwaukee, WI 53202; (telephone) (414) 272-0760;

(facsimile) (414) 272-7265; (email) asolochek@hswmke.com and jpilmaier@hswmke.com.

<div style="text-align:center">Respectfully submitted,</div>

Dated: September 3, 2013                    By    */s/ Marci A. Hamilton, Esq.*
<div style="margin-left:50%">
Marci A. Hamilton, Esq.
36 Timber Knoll Drive
Washington Crossing, PA 18977
Telephone: (215) 353-8984
Email: Hamilton.marci@gmail.com

Special Counsel to the Official Committee
of Unsecured Creditors
</div>

<div style="text-align:center">15</div>

PACHULSKI STANG ZIEHL & JONES LLP


By      */s/ James Stang*
   James I. Stang (CA Bar No. 94435)
   Kenneth H. Brown (CA Bar No. 100396)
   Gillian N. Brown (CA Bar No. 205132)
   Erin Gray (CA Bar No. 157658)
   Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067
   Telephone:  (310) 277-6910
   Facsimile:   (310) 201-0760
   E-mail:  jstang@pszjlaw.com
      kbrown@pszjlaw.com
      gbrown@pszjlaw.com
      egray@pszjlaw.com

   -and-

   Albert Solochek (State Bar No. 1011075)
   Jason R. Pilmaier (State Bar No. 1070638)
   Howard, Solochek & Weber, S.C.
   324 E. Wisconsin Ave., Suite 1100
   Milwaukee, WI  53202
   Telephone:  (414) 272-0760
   Facsimile:  (414) 272-7265
   E-mail:  asolochek@hswmke.com
      jpilmaier@hswmke.com

   Attorneys for the Official Committee of
   Unsecured Creditors

16

☑

# CERTIFICATE OF SERVICE

### Certificate of Service When All Case Participants Are CM/ECF Participants

I hereby certify that on ___September 3, 2013___, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ ___Megan Wertz_____

☐

# CERTIFICATE OF SERVICE

### Certificate of Service When Not All Case Participants Are CM/ECF Participants

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

counsel / party:                                        address:

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

s/ _____

# EXHIBIT B

NO. 13-2881
(Consolidated With Case No. 13-3353)

_____

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

_____

Official Committee Of Unsecured Creditors,
Plaintiff-Appellant


v.                                                          Case No. 13-2881


Archbishop Jerome E. Listecki, as Trustee of the
Archdiocese of Milwaukee Catholic Cemetery
Perpetual Care Trust,
Defendant-Appellee.

_____

In re Official Committee of Unsecured Creditors,
Petitioner                                                 Case No. 13-3353

_____

Consolidated Appeals from the United States District Court
For the Eastern District of Wisconsin
Case No. 13-CV-179
The Honorable Rudolph T. Randa

_____

**SUPPLEMENT TO APPELLANT'S DOCKETING STATEMENT**

_____

Marci A. Hamilton, Esq.
36 Timber Knoll Drive
Washington Crossing, PA  18977
Telephone:   (215) 353-8984
E-mail:        Hamilton.marci@gmail.com

In accordance with Circuit Rules 3(c)(1) and 28(a) of the United States Court of Appeals

for the Seventh Circuit and Federal Rule of Appellate Procedure 28(a)(4), appellant Official

Committee of Unsecured Creditors (the "<u>Committee</u>") submits this supplement to the  Docketing

Statement it filed on September 3, 2013 [Docket No. 4 (Case No. 13-2881)].

<p align="center"><u>**SUPPLEMENT TO THE BRIEF NATURE OF THE CASE**</u></p>

As was stated in the original Docketing Statement, on August 12, 2013, the Committee

filed its Motion to Vacate Judgment and Decision and Order Pursuant to Federal Rule of Civil

Procedure 60(b) and 28 U.S.C. § 455 (the "<u>Motion to Vacate</u>") [Docket Nos. 27, 28, 29 (Case

No. 13-CV-179)]. The Motion to Vacate sought to vacate the Decision and Order and the

Judgment that are the subject of the appeal in Case No. 13-2881 on the grounds that the presiding

judge, the Honorable Rudolph T. Randa, should have recused himself pursuant to 28 U.S.C. §§

455 (a) and 455(b)(4). On August 12, 2013, the Committee also filed its Motion to Recuse the

Honorable Randolph T. Randa from the Cemetery Trust Litigation and any Cemetery Related

Proceedings (the "<u>Motion to Recuse</u>") [Docket Nos. 30, 31, 32 (Case No. 13-CV-179)]. On

October 1, 2013, the District Court entered one order denying both the Motion to Vacate and the

Motion to Recuse (the "<u>Order Denying Motions to Vacate and Recuse</u>") [Docket No. 46 (Case

No. 13-CV-179)].

On October 29, 2013, the Committee filed an Amended Notice of Appeal with the clerk

of the District Court which amended its original Notice of Appeal in Case No. 13-2881 to

include an appeal from the Order Denying Motions to Vacate and Recuse in addition to its

<p align="center">2</p>

appeal from the Judgment, the Decision and Order, the Proposed Findings that were included in the original Notice of Appeal [Docket No. 47 (Case No. 13-CV-179)].

On October 23, 2013, the Committee filed a Petition for Writ of Mandamus Directing the Honorable Rudolph T. Randa to Recuse Himself Pursuant to 28 U.S.C. § 455 with the United States Court of Appeals for the Seventh Circuit, which was docketed as Case No. 13-3353. [Docket No. 1 (Case No. 13-3353)].

On November 1, 2013, this Court entered an order consolidating Case Numbers 13-2881 and 13-3353 for the purpose of briefing and disposition [Docket No. 26 (Case No. 13-2881)].

## SUPPLEMENT TO THE JURISDICTIONAL STATEMENT

This Court has jurisdiction over the Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1651, which provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." A petition for a writ of mandamus is the only recourse available to challenge a judge's denial of a motion to recuse under 28 U.S.C. § 455. *United States v. Balistrieri*, 779 F.2d 1191, 1205 (7th Cir.1985), *cert. denied*, 475 U.S. 1095, 106 S.Ct. 1490, 89 L.Ed.2d 892 (1986); *SCA Servs, Inc. v. Morgan*, 557 F.2d 110, 117-18 (7th Cir. 1977).

This Court has jurisdiction to hear the appeal from the Order Denying the Motions to Vacate and Recuse (which is before this Court by virtue of the Amended Notice of Appeal) pursuant to 28 U.S.C. § 1291, which provides, "The courts of appeal (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had

in the Supreme Court." 28 U.S.C. § 1291. An order denying a motion brought pursuant to

Federal Rule of Civil Procedure 60(b) is final and appealable. *Harold Washington Party v. Cook*

*County, Illinois Democratic Party,* 984 F.2d 875, 880 (7th Cir. 1993), *cert. denied*, 510 U.S. 825,

114 S.Ct. 86, 126 L.Ed.2d 54 (1993); *Darlington v. Studebaker-Packard Corp,* 261 F.2d 903,

905 (7th Cir. 1959), *cert. denied*, 359 U.S. 992, 79 S.Ct. 1121, 3 L.Ed.2d 980 (1959);

*Schwegmann Bank & Trust Co. v. Simmons*, 880 F.2d 838, 844 (5th Cir. 1989).


Respectfully submitted,

Dated: November 6, 2013          By     /s/ Marci A. Hamilton, Esq.
                                        Marci A. Hamilton, Esq.
                                        36 Timber Knoll Drive
                                        Washington Crossing, PA  18977
                                        Telephone: (215) 353-8984
                                        Email: Hamilton.marci@gmail.com

                                        Special Counsel to the Official Committee
                                        of Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP


By      _/s/ James Stang_____
                James I. Stang (CA Bar No. 94435)
                Kenneth H. Brown (CA Bar No. 100396)
                Gillian N. Brown (CA Bar No. 205132)
                Erin Gray (CA Bar No. 157658)
                Pachulski Stang Ziehl & Jones LLP
                10100 Santa Monica Blvd., 13th Floor
                Los Angeles, CA  90067
                Telephone:  (310) 277-6910
                Facsimile:  (310) 201-0760
                E-mail:  jstang@pszjlaw.com
                           kbrown@pszjlaw.com
                           gbrown@pszjlaw.com
                           egray@pszjlaw.com

                -and-

                Albert Solochek (State Bar No. 1011075)
                Jason R. Pilmaier (State Bar No. 1070638)
                Howard, Solochek & Weber, S.C.
                324 E. Wisconsin Ave., Suite 1100
                Milwaukee, WI  53202
                Telephone:  (414) 272-0760
                Facsimile:  (414) 272-7265
                E-mail:  asolochek@hswmke.com
                           jpilmaier@hswmke.com

                Attorneys for the Official Committee of
                Unsecured Creditors

☑

# CERTIFICATE OF SERVICE
## Certificate of Service When All Case Participants Are CM/ECF Participants

I hereby certify that on \_\_\_\_\_November 6, 2013\_\_\_\_\_, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/  Paige Doyle _____

☐

# CERTIFICATE OF SERVICE
## Certificate of Service When Not All Case Participants Are CM/ECF Participants

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

counsel / party:                                    address:

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

s/_____

✓

# CERTIFICATE OF SERVICE

### Certificate of Service When All Case Participants Are CM/ECF Participants

I hereby certify that on ___November 18, 2013___, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/___Paige Doyle_____

# CERTIFICATE OF SERVICE

### Certificate of Service When Not All Case Participants Are CM/ECF Participants

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

counsel / party:                                        address:

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

s/_____